**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

| | | | |
|---|---|---|---|
| IN RE: | : | CHAPTER | 11 |
| | : | | |
| ARMAOS PROPERTY HOLDINGS, LLC AND OLYMPIC HOTEL CORPORATION, | : | CASE NO. | 19-20134 (JJT) |
| | : | | |
| | : | RE: ECF NOS. | 214, 221, 223 |
| DEBTORS. | : | | |
| | : | | |

**BENCH RULING ON DEBTORS' MOTION FOR AUTHORITY**
**TO ENTER INTO HOTEL MANAGEMENT AND RELATED AGREEMENTS**

The Court held a hearing, after due notice, on July 16, 2019, where Armaos Property Holdings, LLC and Olympic Hotel Corporation ("Debtors"), the U.S. Trustee, and Access Point Financial, LLC ("Access") advanced evidence and arguments on this matter.

After a review of the record, scrutiny of the relevant Agreements (Exhibits A2, B, C, and D, ECF No. 214) attached to the Motion for Order Authorizing Debtors to Enter into Management Agreement, Deposit Account Control Agreement, and Cash Management Agreement ("Motion," ECF No. 214), and further examination of the arguments of legal counsel, this Court does hereby **ADJUDGE**, **DECREE**, and **ORDER** that the Debtors' Motion is **GRANTED**, subject to satisfactory terms in the Order of Approval, and the Objection (ECF No. 221) filed by the U.S. Trustee is **OVERRULED**. The Court finds that the Debtors' business judgment is appropriate herein and supported by the law and the preponderance of the evidence adduced.

In support of this Ruling,[1] this Court has relied principally upon the decision of the District Court of Connecticut concerning the definition of a "professional person" within the meaning of 11 U.S.C. § 327. The United States Trustee has argued that 11 U.S.C. § 327(a), rather than §

---

[1] This Ruling is intended to memorialize the bench rulings on this matter during the July 16, 2019 hearing.

363(b), is implicated by this Motion. Here, it has found that the Manager's right, power, and discretion to operate, manage, and control the day-to-day business of the Debtors under the Management Agreement is in the course of the Debtors' ordinary business and not as professionals advising, assisting, or navigating the Debtors through Chapter 11 bankruptcy. *See generally In re Nine West Holdings, Inc.*, 588 B.R. 678 (Bankr. S.D.N.Y. 2018). It is this delineation of these diverse responsibilities that is, in this Court's view, the "acid test" of whether 11 U.S.C. § 327(a) applies. *See, e.g.*, *In re Dairy Dozen-Milnor, LLP*, 441 B.R. 918, 922 (Bankr. D.N.D. 2010). It does not apply here.

Further, notwithstanding the range of authority and responsibilities of the Manager under the Management Agreement, the Court is satisfied that the Debtors have neither inappropriately delegated nor relinquished their fiduciary duties to the Chapter 11 bankruptcy estate or their creditors. The Management Agreement accords, or reserves to the Debtors, the authority and prerogative to advise, supervise, or monitor the Manager and to address disagreements with the Manager through fair process, removal, or termination upon notice.

With regard to the other objections of the U.S. Trustee, the Court **FINDS** as follows:

- To the extent that the U.S. Trustee urges the posting of a fidelity bond by the Manager, the Court is satisfied that based upon its reputation and experience, its insurance coverage, and the financial controls established by the Cash Management Agreement and Deposit Account Control Agreement, such a bond is neither reasonable nor necessary herein.
- As to the U.S. Trustee's assertions that the Cash Management Agreement and Deposit Account Control Agreement contain terms that improvidently designate that the accounts are the Debtors' and for the benefit of Access, unequivocal representations of Access upon the record clarify that Access's interest is not as any holder of legal or equitable title, but

- as a secured party pursuant to an account control agreement. While that designation in these Agreements possibly creates an ambiguity, the Court record and parties' intent is manifestly clear so as to unlikely imperil the protections inherent in the U.S. Trustee's Authorized Bank Deposition for the District of Connecticut under 11 U.S.C. § 345.

- Finally, the U.S. Trustee's protestations about the inclusion of indemnity provisions in the Management Agreement are likewise unavailing here. Such provisions, which appropriately exclude any indemnity for gross negligence or willful misconduct, have been established by the Debtors as reasonable, customary, and market-driven. Given the Manager's ready acknowledgement at the hearing that the scope of the indemnity would also preclude recourse to the Debtors for any violations of orders of this Court or the bankruptcy laws, the indemnity coverage in the Management Agreement is appropriately constrained and otherwise acceptable to this Court.

Accordingly, an order approving the Management Agreement and related Agreements shall enter which is consistent with this Ruling and the Court's directions to the Debtors' counsel about submitting a draft order approving the Debtors' business judgment.

**IT IS SO ORDERED** at Hartford, Connecticut this 18th day of July 2019.

*James J. Tancredi*
United States Bankruptcy Judge
District of Connecticut